Nichols, C. J.
On the 20th of October, 1916, in the common pleas court of Mahoning county, Ohio, Mike Gavalek, the relator, recovered a judgment against the respondent in the sum of $2,-162.86. The action was one on appeal from a finding of the Industrial Commission to the effect that the relator was not entitled to participate in the workmen’s compensation fund, because certain disabilities complained of by him were not suffered in due course of employment.
No error was prosecuted in this judgment, so it stands as a final adjudication of the issues made by the pleadings in that case.
Payment of this judgment having been refused by the respondent, an action in mandamus was commenced in the supreme court of Ohio against the respondent to enforce payment.
The Industrial Commission, by way of answer to this latter action,-alleges “That at all times since the rendering of this judgment the relator has been able to and has performed labor, but that they, have been unable to ascertain the amount of his earnings and he has neglected and refused to furnish the Industrial Commission with this information, but that these defendants have been * * * *401 ready and willing to pay said judgment according to law, but that they, have been prevented from doing so by the failure and neglect of the relator to furnish them the evidence and information necessary to enable them to determine the amount of the payments to be made from time to time, as provided in Section 1465-80 of the General Code.”
To this answer the relator has demurred.
We are of the opinion that the demurrer should be sustained and the Industrial Commission should pay the amount of the judgment.
It is quite true that this court, in the case of Roma v. The Industrial Commission, 97 Ohio St., 247, held that a lump-sum judgment, such as rendered in that case, was erroneous.
It is equally true that this court did not in the Roma case reverse the judgment for such error, but did modify it,by directing that the amount awarded should stand as the amount actually due the claimant and that it should be discharged by the commission in periodical payments.
This court did not hold that a lump-sum judgment was invalid to the extent of being absolutely void, but upheld its validity as modified.
The judgment in the case under consideration stands unreversed. It is not subject to modification by this court nor by any other tribunal. Had the original controversy between the relator and respondent reached this court in due course, it would have been modified as the Roma judgment was modified, and the Industrial Commission might havé been able to exercise the continuing *402 jurisdiction conferred by Section 1465-86, General Code.
The allegations contained in the answer of the respondent amount substantially to an attack on the original judgment, to which error was not prosecuted.
It is a collateral attack on such judgment, both as to form and substance. It is now too late to make any such attack. The award as made by the jury in the form that it was made must remain as a final determination of the rights of the parties, and the provisions of Section 1465-86 are not such as to authorize the commission to exercise its continuing jurisdiction to modify the judgment so rendered.
The case presented is similar to one wherein the commission had rendered its own award to be paid periodically, and had thereafter commuted these payments into a lump sum and directed payment. Under such circumstances, the jurisdiction of the board having been finally and fully exercised, its power to modify has been terminated.
The demurrer of the relator is sustained and the Industrial Commission is ordered and directed to issue its warrant for the full amount of the judgment, costs and attorney fees.

Writ allowed.

Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur.
Merrell, J., not participating.